UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00554-GAF (CTx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Justin Moore v. Robert F. Chavez Jr. et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (In Chambers)

## ORDER RE: DISMISSAL

### I. INTRODUCTION

This action arises out of an employment dispute between Plaintiff Justin Moore and Defendant, Guardian Commercial Realty (collectively, "Defendants"), who employed Moore as a real estate agent, and Guardian's owner, Robert Chavez. After the relationship terminated, Moore claims he never received commissions to which he was entitled and retained counsel to represent his interests. When Guardian ignored counsel's demand that Moore be compensated for his allegedly unpaid commissions, Moore initiated arbitration proceedings pursuant to the arbitration clause set forth in Moore's contract of employment. Shortly thereafter, Moore retained new counsel who abandoned Moore's contract claims against Guardian and instead filed a Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, claim against Chavez, who was not a party to the employment agreement, and a claim under the Unfair Practices Act, Cal. Bus. & Prof. Code § 17200, that seeks injunctive relief against Chavez and Guardian.

Moore freely admits that he abandoned the contract claims as a means of circumventing the arbitration clause so that he could litigate the pending claims in federal court. The crux of Moore's claims is that Chavez and Guardian use this arbitration provision as a way to prevent employees like Moore from enforcing their rights to compensation owed. His theory is that the

LINK: 25
JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00554-GAF (CTx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Justin Moore v. Robert F. Chavez Jr. et al | | |

cost of arbitration is high and the value of the claims are low in comparison. Thus, employees – whom Moore alleges are regularly and systematically cheated by Chavez and Guardian – are forced to settle for less than they are owed or to abandon their claims.

This action is before the Court on Defendants' motion to compel arbitration, pursuant to the employment agreement, and to stay any remaining claims in this litigation until after the arbitrable issues are arbitrated. The motion presents several issues:

(1) With respect to the request for injunctive relief under RICO, and the injunction sought pursuant to Cal. Bus. & Prof. Code § 17200, does Moore have Article III standing to pursue injunctive relief regarding any acts or practices of his former employer?

Answer: No. Because there is no prospect that Moore will suffer future injury at the hands of his former employer, he lacks standing to pursue injunctive relief.

(2) Is the RICO damage claim arbitrable under the terms of the agreement between the parties?

Answer: Yes. The agreement provides for arbitration in any case, whether in tort or contract, arising out of or relating to the contract falls within the scope of the arbitration agreement. The Federal Arbitration Act and relevant case law establish that the issues presented, including the validity of the arbitration clause itself, may be arbitrated.

(3) If the RICO damage claim is arbitrable, can Chavez enforce the arbitration clause even though he is not a named party in the employment agreement?

Answer: Yes. Moore has alleged that Chavez and Guardian should not be treated as separate entities and that Chavez was Guardian's agent. Under either theory, Chavez may enforce the arbitration agreement.

For the foregoing reasons, which are discussed in greater detail below, the Court **DISMISSES** Moore's first cause of action against Chavez for violation of RICO, to the extent it seeks injunctive relief, and Moore's second cause of action in its entirety. With respect to the remaining claim, Moore's first cause of action against Chavez for damages related to alleged RICO violations, the Court **GRANTS** Defendants' motion to compel arbitration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00554-GAF (CTx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Justin Moore v. Robert F. Chavez Jr. et al | | |

## II. BACKGROUND

The following facts are those alleged in the complaint, which for purposes of a motion to dismiss the Court must accept as true. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

In or around June 2006, Chavez hired Moore to work as a real estate salesperson for Chavez's company, Guardian.[1] (Compl. ¶ 7.) At the time that Defendants hired Moore, Defendants drafted, and Moore and Guardian signed, an "Independent Contractor Agreement" ("Agreement") to govern the parties' relationship. Chavez was not a party to the agreement. The agreement governed the allocation and distribution of commissions earned on real estate deals and included an arbitration agreement at paragraph fourteen. (Compl., Ex. A.) Moore alleges that Chavez never had any intention of distributing the commissions as required by the Agreement. Moore further alleges that, as a regular practice, Defendants use the arbitration clause to force disgruntled employees, whom Defendants regularly cheat out of commissions, into a Hobson's choice of choosing between expensive arbitration, settlement at a low amount, or dropping their claim for commissions, which are typically worth less than $150,000, and thus, not worth the cost of arbitrating. (Compl. ¶¶ 9-10.) Moore alleges Defendants used this scheme to defraud several other employees, whom he lists by name in his complaint. Defendants terminated Moore in July 2008, allegedly to defraud Moore out of about $200,000 in commissions.

### A. THE ABANDONED ARBITRATION

Shortly after his termination, Moore hired attorney Aviv L. Tuchman, Esq. to represent him. On August 27, 2008, Tuchman sent a letter to defense counsel demanding Moore's commission and advising that Moore would commence arbitration against Defendants if the commissions were not paid within ten days. (Marshall Decl., Ex. 1.) About three weeks later, Tuchman followed up with a demand for payment or for arbitration pursuant to the Agreement. (Marshall Decl., Ex. 2.) About a week after that, defense counsel responded to Tuchman stating Guardian was willing to arbitrate all disputes with Moore and invited Tuchman to contact JAMS and begin the process. (Marshall Decl., Ex. 3.) Moore did initiate the process and paid half of the case management fee; Defendants paid the other half. (Marshall Decl., Exs. 4–5.) Two

---

[1] Chavez is the President and CEO of Guardian Commercial Realty. (Chavez Decl. ¶ 1.)

**LINK: 25**
**JS - 6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00554-GAF (CTx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Justin Moore v. Robert F. Chavez Jr. et al | | |

months later, defense counsel contacted Tuchman for an update on the status of the arbitration. (Marshall Decl., Ex. 6.) Tuchman responded he was no longer representing Moore and referred him to Moore's new counsel, Robert Baker, Esq. (Marshall Decl., Ex. 7.) On December 18, 2008, defense counsel sent a letter to Baker asking for an update on the status of arbitration. (Marshall Decl., Ex. 8.) Baker did not respond. (Marshall Decl. ¶ 8.)

## B. THE PRESENT LITIGATION

On January 23, 2009, Moore brought suit in federal court, alleging Chavez violated RICO through his scheme of recruiting employees, entering into contracts that promise lucrative commissions, then intentionally breaching his compensation obligations, and using a broad arbitration provision in the employment agreement to keep the cost of enforcing the contract too high for the cheated employees to bother. He also claims Chavez and Guardian violated the Unfair Practices Act. (Compl. (Docket No. 1).) Under RICO, Moore seeks treble damages. He also seeks injunctive relief against Chavez to prevent him from continuing to increase the number of his victims. Specifically, Moore asks the Court to put Guardian into receivership, order commissions paid as due, and prevent Chavez from: (1) practicing as a real estate broker for ten years, (2) receiving any funds due, in whole or part, to another for ten years, (3) employing any real estate salespersons for ten years, or (4) practicing law on behalf of any entity in which he has an ownership interest. (Compl. ¶ 17.) Finally, he seeks attorneys' fees for Chavez's intentional, willful, and fraudulent behavior. Under the Unfair Practices Act, Moore seeks the same injunctive relief against Chavez. (Compl. ¶ 22.) He also seeks attorneys' fees.

Defendants filed a Motion to Compel Arbitration and Request a Stay. (Docket No. 25.) Defendants argue Moore is bound by the arbitration provision in the Agreement and ask the Court to enforce it. Paragraph 14 of the Agreement provides, in part, "[a]ny controversy or claim arising out of or relating to this Contract, or the breach thereof, whether in tort, contract, equity, or otherwise, shall be settled by arbitration administered by JAMS." Defendants contend that both of Moore's causes of action arise out of and relate to the contractual relationship between Guardian and Moore, and the business relationship between Chavez and Moore, which stem from the Agreement. Moreover, because Moore already demanded arbitration, Defendants argue they are prejudiced by having to litigate. Moore asks the Court to deny the motion to compel because: (1) the Section 17200 claim, as pleaded, is not arbitrable; (2) the RICO claim is brought only against Chavez, who is not a signatory to the Agreement; (3) defense counsel failed to meet and confer; and (4) fraud infects the arbitration clause and bars its enforcement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00554-GAF (CTx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Justin Moore v. Robert F. Chavez Jr. et al | | |

  The Court concludes Moore does not have standing to bring claims for injunctive relief in federal court. With respect to Moore's RICO claim for damages, the Court concludes the claim is arbitrable. Although Chavez is not a signatory to the Agreement, as an agent of Guardian, Chavez can compel Moore to arbitrate the RICO claims, which arises from or is related to the Agreement. Furthermore, Moore's allegation that fraud invalidates the arbitration clause is itself arbitrable because it implicates a "grand scheme of fraud" or fraud that "permeates the transaction." See Rosenthal v. Great Western Fin. Secs. Corp., 14 Cal. 4th 394, 419 (Cal. 1996).

### III. DISCUSSION

**A. MOORE DOES NOT HAVE STANDING TO BRING CLAIMS FOR INJUNCTIVE RELIEF.**

  The Court concludes Moore does not have standing to bring his claims for injunctive relief in federal court. "Standing doctrine functions to ensure, among other things, that the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake." Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 191 (2000); see e.g., Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (non-class-action challenge to state constitutional amendment declaring English the official language of the State became moot when plaintiff, a state employee who sought to use her bilingual skills, left state employment). To establish Article III standing, a plaintiff must demonstrate (1) she has suffered a personal injury or suffers the threat of injury, (2) the alleged injury is fairly traceable to the defendant's conduct, and (3) the injury would likely be redressed by the requested relief. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). "In the context of injunctive relief, the plaintiff must demonstrate a real or immediate threat of an irreparable injury." Clark v. City of Lakewood, 259 F.3d 996, 1007 (9th Cir. 2001) (quoting Cole v. Oroville Union High School, 228 F.3d 1092, 1100 (9th Cir. 2000) (internal quotations and citations omitted)).

  "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." O'Shea v. Littleton, 414 U.S. 488, 495 (1974). Where a plaintiff seeks injunctive relief against a former employer after the employment relationship has been terminated, there is no likelihood of future injury to the plaintiff. Cf. City of Los Angeles v. Lyons, 461 U.S. 95 (1983); see, e.g., Dukes v. Wal-Mart, Inc., 509 F.3d 1168, 1189 (9th Cir. 2007) (putative class members who were no longer Wal-Mart employees at the time plaintiffs' complaint was filed do not have standing to pursue injunctive or declaratory relief); Walsh v.

LINK: 25
JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00554-GAF (CTx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Justin Moore v. Robert F. Chavez Jr. et al | | |

Nev. Dep't of Human Res., 471 F.3d 1033 (9th Cir. 2006) (recognizing that former employees lack standing to seek injunctive relief because they would not stand to benefit from an injunction at their former place of work).

In this case, Moore faces no prospect that he will suffer any future injury at the hands of his former employer. Without the possibility that he will suffer any such future injury, Chavez lacks standing to seek an injunction against Guardian or Chavez under the reasoning in Dukes and Walsh. Accordingly, the RICO injunctive relief claim and the Section 17200 claims are **DISMISSED.** The Court therefore turns to the question of whether the remaining damage claim can be arbitrated.

### B. THE FEDERAL ARBITRATION ACT

Defendants move to compel arbitration of Moore's claims pursuant to § 3 of the Federal Arbitration Act, 9 U.S.C. § 3. The Act was intended to "revers[e] centuries of judicial hostility to arbitration agreements," Scherk v. Alberto-Culver Co., 417 U.S. 506, 510 (1974), by "plac[ing] arbitration agreements upon the same footing as other contracts," id. at 511 (internal quotation marks omitted). The Act provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or inequity for the revocation of any contract." 9 U.S.C. § 2. Moreover, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. "Federal policy favor[s] arbitration" and federal courts are required to "rigorously enforce agreements to arbitrate." Shearson/Am. Exp., Inc. v. McMahon, 482 U.S. 220, 226 (1987). "This duty to enforce arbitration agreements is not diminished when a party bound by an agreement raises a claim founded on statutory rights." Id.

### C. THE RICO CLAIM IS ARBITRABLE.

Moore argues the RICO claim against Chavez is not arbitrable because (1) Chavez is not a party to the Agreement, (2) Chavez is not an agent of Guardian, but rather uses Guardian as an instrument of fraud, (3) RICO claims are not arbitrable, and (4) the arbitration clause is void because it is infected with fraud. The first two arguments are intertwined and are addressed first.

LINK: 25
JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00554-GAF (CTx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Justin Moore v. Robert F. Chavez Jr. et al | | |

The final argument will be addressed next.[2]

### 1. CHAVEZ CAN COMPEL ARBITRATION AS AN AGENT OF THE SIGNATORY.

Moore argues that Chavez cannot enforce the arbitration provision because he is not a party to the Agreement. If the Agreement were meant to include claims between Moore and Chavez, Moore argues, it would have provided as much because Chavez drafted the Agreement on behalf of Guardian.

As a general matter, "arbitration is a matter of contract [interpretation] and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Int'l Paper v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411, 416 (4th Cir. 2000). Despite this policy, it is well-established that a nonsignatory to an arbitration clause may, in certain situations, compel a signatory to arbitrate. See Comer v. Micor, Inc., 436 F.3d 1098, 1101 (9th Cir. 2006). Federal courts have identified five situations in which a non signatory may force a signatory to an arbitration clause to arbitrate a dispute: (1) incorporation by reference, (2) assumption, (3) agency, (4) veil piercing / alter ego, and (5) estoppel. Boucher v. Alliance Title Co. Inc., 127 Cal. App. 4th 262, 268 (2005).

Moore concedes that a non-signatory to an arbitration agreement may enforce an arbitration agreement on the basis of agency. (Opp. at 5.) However, Moore argues Chavez is not an agent of Guardian for the purpose of Moore's claims, because the allegations of the complaint do not suggest he is the agent of the Guardian, and Chavez's declaration has not demonstrated he should be treated as an agent of Guardian. (Opp. at 6 (citing Chastain v. Union Sec. Life Ins. Co., 502 F. Supp. 2d 1072 (C.D. Cal. 2007))).

In fact, Moore's complaint alleges "Guardian was organized by Chavez and owned by him at all relevant times" (Compl. ¶ 3), and "[t]here is such a unity of ownership and interest between Chavez and Guardian that to treat them as separate entities would promote fraud and injustice" (Compl. ¶ 4). Further, he alleges Chavez and Guardian "acted as each other's agent,

---

[2]The third argument merits no more discussion than this footnote. The Supreme Court held in Shearson/American Express, Inc. v. McMahon that RICO claims, in general, are arbitrable. Id. at 242. In McMahon, the plaintiffs argued the public interest in the enforcement of RICO precludes its submission to arbitration. The Supreme Court disagreed and held RICO claims can be arbitrated. Id. at 238-242.

**LINK: 25**

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00554-GAF (CTx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Justin Moore v. Robert F. Chavez Jr. et al | | |

in concert, in conspiracy with each other, and as aiders and abettors." (Compl. ¶ 5.) With respect to the RICO claim, Moore states "[t]he enterprise referred to in this paragraph that engages in interstate commerce is Guardian, the alter ego of Chavez, which Chavez owns, controls, and directs." (Compl. ¶ 12.) In Chavez's declaration, he states he is the President and CEO of Guardian. (Chavez Decl. ¶ 1.)

In his opposition brief, Moore contends that Chavez is not an agent of Guardian, that Chavez "dominates and misuses Guardian by operating it through a pattern of racketeering activity." (Opp. at 6.) Thus, Moore argues, Guardian is a "victim" of Chavez and more Chavez's agent than vice versa. (Id.) Moreover, Chavez allegedly operated Guardian by racketeering, which Moore argues is prima facie ultra vires and not within the scope of legal agency.

The test for an agency theory of nonsignatory enforcement is whether the relationship between the signatory and nonsignatory defendants is sufficiently close that only by permitting the nonsignatory to invoke arbitration may evisceration of the underlying arbitration between the signatories be avoided. Chastain, 502 F. Supp. 2d at 1081-82 (citing MS Dealer Service Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir. 1999)). Here, Moore's RICO claim against Chavez arises out of and relates to the Agreement, or the breach thereof. The arbitration provision clearly covers such a claim and, indeed, Moore originally sought to arbitrate that claim. However, for the express purpose of circumventing the arbitration clause, Moore filed this lawsuit against Chavez. In these circumstances, the fact that Chavez is not a signatory does not prevent Chavez from enforcing the agreement because the claims against Chavez arise from his actions and conduct in his role as the President, CEO, and person in control of Guardian. It would eviscerate the purpose of the Agreement if a signatory employee could bring suit against Chavez, the claimed alter-ego of Guardian, to avoid having to arbitrate claims against Guardian. See MS Dealer Service Corp., 177 F.3d at 947. Furthermore, principles of equitable estoppel operate to allow Chavez to enforce the arbitration clause because Moore raises allegations of substantially interdependent and concerted misconduct by the signatory, Guardian, and the nonsignatory, Chavez. See id.

Accordingly, the Court concludes that Chavez may seek to arbitrate the pending RICO damage claim.

**2. THE QUESTION OF WHETHER THE ARBITRATION PROVISION IS VALID SHOULD BE ARBITRATED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00554-GAF (CTx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Justin Moore v. Robert F. Chavez Jr. et al | | |

  Under California and federal law, an arbitration agreement may only be invalidated for the same reasons as other contracts. Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 98 (2000). Moore argues the Agreement is invalid by virtue of fraud in the inducement. Moore concedes that the arbitrator, not the Court, rules on matters of fraud in the inducement. (Opp. at 7.) However, where a party challenges only the arbitration provision itself, separately and distinctly from a challenge to the substance of the contract, the Court can address the challenge to the formation of the arbitration clause. See Teledyne, Inc. v. Kone Corp., 892 F.2d 1404, 1410 (9th Cir. 1989).

  In Rosenthal, the California Supreme Court held that a claim that the contract as a whole was obtained through fraud in the ***inducement*** is arbitrable. 14 Cal. 4th at 418-19 (applying Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 402 (1967) (holding where no claim is made that fraud was directed to the arbitration clause itself, a broad arbitration clause will be held to encompass arbitration of the claim that the contract itself was induced by fraud)). "Included in this rule of arbitrability are claims of a 'grand scheme' of fraud, or fraud 'permeating' the transaction." Id. at 419 (overruling Main v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 67 Cal. App. 3d 19, 27 (1977)). Claims of fraud in the ***execution*** of the entire agreement are ***not*** arbitrable, nor are claims that a party has employed fraud in inducing consent to the arbitration agreement specifically, because they go to the validity of the making of the arbitration clause itself. Id. at 415-19; see also Duffens v. Valenti, 161 Cal. App. 4th 434, 449 (2008).

  Moore's claim is properly characterized as a claim of a "grand scheme" of fraud or fraud "permeating" the transaction. Moore does not argue he was fraudulently induced into consenting to arbitration. He willingly entered into the contract, and only later discovered the contract was part of a grand scheme of fraud. Moreover, fraud in the inducement claims often result from disappointed expectations by one side because of a failure of performance, not from fraud in the creation of the contract itself. Where fraud in the inducement is related to failure of performance, arbitration should be compelled. See Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street, 35 Cal. 3d 312, 316 n.2 (1983). Thus, because only a claim that the underlying agreement is illegal—or that the plaintiff was fraudulently induced to agree to the arbitration clause only—can avoid the enforcement of the arbitration clause, Moore must arbitrate his RICO claim. Accordingly, the Court **GRANTS** Defendants' motion to compel the arbitration of Plaintiff's first cause of action against Chavez for damages under RICO.

**IV. CONCLUSION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00554-GAF (CTx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Justin Moore v. Robert F. Chavez Jr. et al | | |

    The Court **GRANTS** Defendants' motion to compel arbitration of Moore's first cause of action against Chavez for violation of RICO, to the extent it does not seek injunctive relief. The Court **DISMISSES** the second cause of action, and Moore's RICO action for injunctive relief, for lack of Article III standing.

    IT IS SO ORDERED.